SCAD-13-0003192

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

DOUGLAS D. OSTERLOH, Respondent.

---

ORIGINAL PROCEEDING
(ODC 13-043-9113)

<u>ORDER GRANTING PETITION TO RESIGN IN LIEU OF DISCIPLINE</u>
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Upon consideration of the October 24, 2013 response filed by Respondent Douglas D. Osterloh in *Office of Disciplinary Counsel v. Osterloh*, SCAD-13-0003192, the November 20, 2013 submission by the Office of Disciplinary Counsel (ODC) in response to this court's November 14, 2013 order, and the record, it appears (1) Respondent Osterloh's October 24, 2013 response was intended as a petition to resign in lieu of discipline, pursuant to Rule 2.14 of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH), (2) the notarized affidavit executed by Respondent Osterloh, submitted by ODC as an exhibit to its November 20, 2013 response, has been provided to the Disciplinary Board of the Supreme Court of the State of Hawaiʻi, as required

by RSCH Rule 2.14(a), (3) the affidavit executed by Respondent Osterloh makes the necessary averments required by RSCH Rules 2.14(a)(1) through (4), including a recognition of the misconduct which led to his disbarment by the Supreme Court of the State of Washington, and (4) Respondent Osterloh, facing the reciprocal disciplinary proceedings, is "[a]n attorney who is the subject of . . . a pending proceeding involving[] allegations of grounds for his . . . discipline," pursuant to RSCH Rule 2.14(a).  Therefore,

IT IS HEREBY ORDERED, pursuant to RSCH 2.14, that the petition is granted and Respondent Osterloh's request to resign in lieu of discipline is granted.

IT IS FURTHER ORDERED that Respondent Osterloh's resignation from the practice of law in this jurisdiction shall become effective 30 days from the date of entry of this order, pursuant to RSCH Rules 2.14(d) and 2.16(c).

IT IS FURTHER ORDERED that (1) the Clerk shall remove Respondent Osterloh's name from the role of attorneys licensed to practice law in this jurisdiction and (2) within 30 days after the date of entry of this order, Respondent Osterloh shall submit to the Clerk of this court the original certificate evidencing his license to practice law in this jurisdiction, or an affidavit demonstrating good cause as to why said license cannot be provided.

2

IT IS FURTHER ORDERED that Respondent Osterloh shall comply with the requirements of RSCH Rule 2.16(d) by filing an affidavit of compliance with this court within 10 days after the effective date of his resignation.

IT IS FINALLY ORDERED that ODC's original petition for reciprocal discipline is denied as moot.

DATED: Honolulu, Hawaiʻi, November 27, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.



/s/ Sabrina S. McKenna

/s/ Richard W. Pollack